# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 18, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**NEWPORT TRADING CO., INC,**
**Employer Below, Petitioner**

**vs.)    No. 22-ICA-104**    (BOR Appeal No. 2058191)
                              (JCN: 2021023435)

**LARRY R. HICKS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Newport Trading Co., Inc., appeals the August 19, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Larry R. Hicks filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the Office of Judges' decision holding the claim compensable for carpal tunnel syndrome.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2021, Mr. Hicks filed an Employees' and Physicians' Report of Occupational Injury or Disease, stating that he developed carpal tunnel syndrome in the course of and as a result of his employment with Newport Trading Co. Mr. Hicks' treating physician, Richard Wisman, M.D., diagnosed Mr. Hicks with bilateral carpal tunnel syndrome, which he attributed to Mr. Hicks' occupation. Dr. Wisman completed a Physician Questionnaire for Carpal Tunnel Claim wherein he indicated that Mr. Hicks had a history of neck pain/stiffness, high blood pressure, and traumatic injury to the fingers, hand, wrist, shoulder, or arm. Dr. Wisman further noted that Mr. Hicks had muscle atrophy in his right arm and both arms had positive Tinel's and Phalen's signs. Dr. Wisman again stated his diagnosis of carpal tunnel syndrome and noted that Mr. Hicks engaged in repetitive motions with his hands and arms with various tools.

---

[1] Petitioner is represented by James W. Heslep, Esq. Respondent is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq.

The claim administrator requested that Rebecca Thaxton, M.D., review the claim and offer her opinion as to whether Mr. Hicks' condition was causally related to his employment. Dr. Thaxton opined that the medical documentation did not indicate that Mr. Hicks' carpal tunnel syndrome was work-related. According to Dr. Thaxton, Mr. Hicks' job description did not show an increased risk for carpal tunnel syndrome and did not indicate constant tool use. Rather, the job description demonstrated infrequent and slow tool use with driving and other duties in between use. Dr. Thaxton commented that certain medical conditions such as obesity can cause or contribute to carpal tunnel syndrome and noted that Mr. Hicks acknowledged his obesity on his questionnaire. Finally, Dr. Thaxton noted that she did not have an EMG/NCS available for review and that Mr. Hicks' diagnosis was not confirmed by any neurological diagnostic testing. Following Dr. Thaxton's review, the claim administrator denied the claim by order dated June 30, 2021, stating that Mr. Hicks' condition was not due to an injury or disease received in the course of and resulting from his employment. Mr. Hicks protested the order.

In August of 2021, Mr. Hicks testified via deposition that he began working for Newport Trading Co. in May of 1996 and that he averaged ten-to-twelve-hour days, five to seven days a week. In performing his duties, Mr. Hicks used a variety of tools including screwdrivers, wire cutters, channel locks, pipe threaders, drills, reciprocating saws, and jackhammers. Mr. Hicks described the work as "brute work" that involved vibrating tools and force and stated that he nearly constantly used tools to perform his duties. Mr. Hicks described the pace of his work as average unless there was an emergency, in which case he would be working at a faster pace. Mr. Hicks stated that his hands and wrists were often in various positions while working and that he was required to turn, bend, and stretch his wrists in awkward positions while using tools. According to Mr. Hicks, he first noticed symptoms approximately ten to twelve years prior and stated that his symptoms had improved somewhat since quitting his job in September of 2020.

Mr. Hicks underwent an EMG study in September of 2021, that revealed "a median nerve neuropathy at or across the right and left wrist affecting the sensory motor fibers that are consistent with a severe bilateral carpal tunnel syndrome that is worse on the right." Subsequently, in October of 2021, Michael J. Kominsky, D.C., performed an independent medical examination ("IME") of Mr. Hicks. Dr. Kominsky opined, within a reasonable degree of medical certainty, that Mr. Hicks developed moderate to severe bilateral carpal tunnel syndrome as a result of his employment. Dr. Kominsky stated that the extensive use of hand tools as described by Mr. Hicks in his deposition and medical records was consistent with the development of carpal tunnel syndrome. Further, Dr. Kominsky found that Mr. Hicks' median nerve was compressed at the wrist as a result of highly vibratory tools, drills, pipe threaders, and torque wrenches, all of which Mr. Hicks used during his employment.

In December of 2021, Mr. Hicks underwent another IME performed by Syam B. Stoll, M.D. Dr. Stoll found that Mr. Hicks' diagnosis of carpal tunnel syndrome was not

2

supported by the medical evidence. According to Dr. Stoll, Mr. Hicks endorsed pain and tingling in all five fingers on his hand as well as pain radiating up into his shoulders, which was not consistent with carpal tunnel syndrome. Dr. Stoll also opined that Mr. Hicks' job duties did not support a diagnosis of carpal tunnel syndrome and that Mr. Hicks had other comorbidities which predisposed him to bilateral carpal tunnel syndrome, such as morbid obesity and chronic neck pain. Dr. Stoll noted that he was not provided with any EMG/NCS studies but stated, "if the claimant does have carpal tunnel syndrome, it is my medical opinion the likely cause of this diagnosis would be due to the claimant's cervical spondylosis and morbid obesity."

By order dated April 15, 2022, the Office of Judges reversed the claim administrator's order and held the claim compensable for carpal tunnel syndrome. The Office of Judges found that the medical evidence supported a diagnosis of carpal tunnel syndrome and that the opinions of Dr. Thaxton and Dr. Stoll had been rebutted. Specifically, the Office of Judges found that the EMG study performed demonstrated that Mr. Hicks had carpal tunnel syndrome and showed no evidence of chronic cervical radiculopathy, which were major tenants as to causality in Dr. Thaxton's and Dr. Stoll's reports. Further, neither had the opportunity to review the EMG study. The Office of Judges found that Dr. Wisman's report was reliable and that he stated that Mr. Hicks' carpal tunnel syndrome was due to repetitive motion with the use of tools. The tribunal also found that Mr. Hicks' testimony regarding his forceful use of hand tools, awkward positioning of the hands and wrists, and use of vibratory tools was persuasive and that his testimony had not been rebutted by Newport Trading Co. The tribunal cited to West Virginia Code of State Rules § 85-20-41 (2006), which specifically contemplates the type of job duties performed by Newport Trading Co. in terms of work settings associated with carpal tunnel syndrome.[2] The Office of Judges noted that Mr. Hicks performed his work for a sufficient number of years to find that carpal tunnel syndrome is likely related to his work and that he was not required to exclude all possible causative factors in order for the claim to be held compensable. The Board adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the April 15, 2022, order on August 19, 2022. Newport Trading Co. now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[2]Pursuant to West Virginia Code of State Rules § 85-20-41.5, in part,

[o]ccupational groups at high risk for CTS [carpal tunnel syndrome] have included grinders, butchers, grocery store workers, frozen food factory workers, manufacturing workers, dental hygienists, platers and workers with high force, high repetitive manual movement. . . . Awkward wrist positioning, vibratory tools, significant grip force, and high force of repetitive manual movements have all been shown to contribute to CTS.

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Newport Trading Co. argues that the lower tribunals erred in holding the claim compensable for carpal tunnel syndrome. According to Newport Trading Co., Mr. Hicks does not suffer from work-related carpal tunnel syndrome and has not demonstrated that he met the requirements of West Virginia Code § 23-4-1(f) (2021). Newport Trading Co. claims that Mr. Hicks' evidence below failed to take his compounding conditions into consideration. Newport Trading Co. cites to West Virginia Code of State Rules § 85-20-41.2, which notes that providers are advised to assess "several factors, diagnostic accuracy, confounding conditions, work setting and duration of symptoms in assigning causality." Additionally, § 85-20-41.4 sets forth that compounding conditions such as obesity can precipitate carpal tunnel syndrome symptoms and that such conditions may impact causality. Newport Trading Co. contends that, here, neither Dr. Wisman nor Dr. Kominsky undertook any effort to determine causation and neither addressed Mr. Hicks' comorbidities such as obesity and cervical issues. In contrast, Dr. Stoll considered these factors when determining that Mr. Hicks' condition was not work-related. As such, Newport Trading Co. argues that Mr. Hicks has not proven by a preponderance of the evidence that he developed work-related carpal tunnel syndrome and the lower tribunals erred in holding the claim compensable.

After review, we agree with the Board that Mr. Hicks has demonstrated he developed carpal tunnel syndrome in the course of and as a result of his employment. Both Dr. Wisman and Dr. Kominsky diagnosed Mr. Hicks with carpal tunnel syndrome and attributed the disease to his employment, and the Office of Judges, as affirmed by the Board, found their opinions to be credible. While Newport Trading Co. relies on the medical reports of Dr. Thaxton and Dr. Stoll, neither had the opportunity to review the EMG study performed on Mr. Hicks, which definitively demonstrated a diagnosis of carpal tunnel syndrome. Further, the study also demonstrated that Mr. Hicks did not have cervical radiculopathy, rebutting Dr. Thaxton and Dr. Stoll's opinion that the condition was

attributable to cervical spondylosis. Moreover, although Newport Trading Co. argues that Mr. Hicks has comorbidities, such as obesity, which could have caused a diagnosis of carpal tunnel syndrome, the Office of Judges, and by extension the Board, found that Newport Trading Co.'s argument was not persuasive. Indeed, the evidence demonstrated that Mr. Hicks' symptoms improved somewhat when he ceased working. Lastly, we note that Mr. Hicks' job duties are exactly those considered by West Virginia Code of State Rules § 85-20-41.5 as being high risk for causing carpal tunnel syndrome: "Awkward wrist positioning, vibratory tools, significant grip force, and high force of repetitive manual movements have all been shown to contribute to [carpal tunnel syndrome]." Mr. Hicks testified that his job duties included frequent use of vibrating tools, awkward positioning of the hands and wrist, and "brute" work with the use of force, and Newport Trading Co. failed to rebut evidence of these job duties. Accordingly, we find no error in the Board's order affirming the Office of Judges' decision holding the claim compensable.

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 18, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating